IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAROUN N. ABIAAD d/b/a STARS ON TOUR, INC., <br><br> Plaintiff, <br><br> v. <br><br> IBRAHIM KARADCHE d/b/a PETRA ENTERTAINMENT, INC., <br><br> Defendant. | CIVIL ACTION <br> NO. 11-5961 |

## OPINION

**Slomsky, J.**                                                                                                            **March 4, 2013**

### I.    INTRODUCTION

Plaintiff Maroun Abiaad promotes entertainment shows with a Middle Eastern theme in cities across the United States. He is a Pennsylvania resident and does business through his Pennsylvania-based company, Stars On Tour, Inc. Defendant Ibrahim Karadche is a resident of California. His company, Petra Entertainment, Inc., is also located in California. Plaintiff filed suit against Defendant in this Court alleging breach of contract and tortious interference with contractual relations based on problems that arose during the promotion of a tour of the United States by an Egyptian entertainer.

Presently before the Court is Defendant's Motion to Dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. No. 23.) For reasons that follow, the Court will grant the Motion to Dismiss.[1]

---

[1] Defendant also seeks to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 23-1 at 20-29.) Because the Court will dismiss the Complaint for lack of personal jurisdiction, the Court will not address this claim.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Maroun Abiaad resides at 2871 Hickory Hill Drive, Worcester, Pennsylvania. (Doc. No. 21 at 4.) His business — Stars on Tour, Inc. — operates at the same location. (Id. at 2.) Defendant Ibrahim Karadche is a resident of California. (Doc. No. 23-2 at 2.) He is the sole shareholder and officer of Petra Entertainment, Inc., which is located at 140 Beach Park Boulevard, Foster City, California. (Doc. No. 21 at 5; Doc. No. 23-2 at 2.)

In September 2006, Plaintiff, through his associate Youssef Harb ("Harb"), successfully arranged for the United States performance of Egyptian entertainer Amr Diab ("Diab"). (Doc. No. 21 at 2, 4.) Defendant Karadche was also involved in the promotion of this show. (Id. at 2, 5.)

In 2007, Plaintiff and Harb negotiated with Tamer Elzoaiby ("Elzoaiby"), Diab's manager, for Diab to do an eight city tour of the United States. Defendant was also involved in the negotiation of Diab's American tour. (Id.) Plaintiff alleges that these "negotiations and the ones discussed below, took place in part via telephone and/or email to Plaintiff at his home located at 2871 Hickory Hill Drive, Worcester, PA 19490." (Id.)

After all the arrangements had been made, Diab cancelled the 2007 tour. (Id.) One show that Plaintiff had arranged for this tour had been sold to Defendant. (Id.) To compensate Defendant for the lost show, Plaintiff gave him a financial share in four shows being done by a different Middle Eastern entertainer. (Id.) In addition, to make up for the abrupt cancellation, Diab initially agreed to perform one Las Vegas show and a full 2008 tour at a reduced fee with two free shows. (Id.) The 2008 tour did not occur, however, because Defendant allegedly interfered with it in some unspecified way. (Id. at 2-3.)

In October 2010, Diab finally performed the Las Vegas show, and, in early 2011, he contacted Harb, Plaintiff's agent, to schedule a fall 2011 U.S. tour. (Id. at 3.) No tour arose from these conversations. (Id.) Instead, Defendant participated, without the assistance of Plaintiff or Harb, in the promotion of Diab's September 2011 tour of the United States. (Id. at 4.)[2]

On September 21, 2011, Plaintiff filed a Complaint against Diab, Elzoaiby, Harb, and Karadche, alleging claims of breach of contract, detrimental reliance, and tortious interference with contractual relations. (Doc. No. 1.)

On March 9, 2012, a default was entered against all four individuals for failure to appear or respond to the Complaint. On June 5, 2012, prior to an entry of a default judgment, the case against Diab, Elzoaiby, and Harb was dismissed after the Court received notice from Plaintiff that the claims made against them had been settled. (Doc. No. 12.)

Defendant Karadche, the only remaining defendant, then filed a Motion to Set Aside Entry of Default. (Doc. No. 11.) In the Motion, Defendant, who lives and works in California, argued not only that the default should be set aside, but also that the Court should dismiss the Complaint for lack of personal jurisdiction. (Doc. No. 11-2 at 4-8.)

Plaintiff filed a timely response. (Doc. No. 14.) In the response, Plaintiff makes the following arguments:

> The Court possesses personal jurisdiction over defendant Karadche even though he is a non-forum resident under the "specific jurisdiction" theory.
> . . . .
>
> In the instant case Defendant Karadche "purposefully directed" his activities towards the forum thereby making such minimum contacts

---

[2] The Amended Complaint is not entirely clear as to whether Defendant's interference is what caused the 2008 tour not to materialize or if the interference is what caused Plaintiff to have no part in Diab's fall 2011 tour. The actual sequence of events, however, is not critical to the personal jurisdiction analysis.

3

> with the forum state of Pennsylvania *by making phone calls and sending emails to Plaintiff in the state of Pennsylvania during the negotiations of the contracts* and the breach thereof that serve as the basis for the instant action.
>
> . . . .
>
> Plaintiff requests leave to amend its complaint *to plead such contacts with the forum with specificity*, should the court decide to grant Defendant's motion.

(Doc. No. 14-1 at 4-5 (emphasis added).)

On August 3, 2012, the Court held a hearing on both the entry of default and personal jurisdiction issues. The Court granted Defendant's Motion to Set Aside Entry of Default and afforded Plaintiff the opportunity to file an amended complaint by September 17, 2012. (Doc. No. 20.)

On September 19, 2012, Plaintiff filed the Amended Complaint, albeit two days late. It is nearly identical to the original Complaint except that Count II — claiming detrimental reliance — has been withdrawn and the following language was added regarding Defendant's contacts with the forum state:

> These negotiations [with Defendant Karadche] . . . took place in part via telephone and/or email to Plaintiff at his home located at 2871 Hickory Hill Drive, Worcester, PA 19490.

(Doc. No. 21 at 2.) This is the same allegation that Plaintiff made previously in the response to the Motion to Set Aside Entry of Default. (Doc. No. 14-1 at 5.)

On October 16, 2012, Defendant filed the instant Motion to Dismiss the Amended Complaint for lack of personal jurisdiction.[3] Attached to the Motion is the sworn declaration of Defendant Karadche, in which he makes the following declarations:

---

[3] To date, Plaintiff has not responded to the Motion. However, in Plaintiff's Response in Opposition to the Motion to Set Aside Entry of Default (Doc. No. 14), he specifically addressed the personal jurisdiction issue and sought leave from the Court to amend the original Complaint,

4

> 3. I am a resident of the State of California.
>
> 4. I am the sole shareholder and officer of Petra Entertainment, Inc. ("Petra").
>
> 5. Petra is a California corporation with a principal place of business in California.
> . . . .
>
> 7. Petra and I have not purposefully and systematically transacted business in the Commonwealth of Pennsylvania.
>
> 8. Petra and I have not normally and repeatedly availed ourselves of the benefits and protections of the Commonwealth of Pennsylvania.
>
> 9. Petra does not purposely advance its business objectives in Pennsylvania. It does not conduct any business in Pennsylvania; does not have employees or offices in Pennsylvania; does not solicit customers or clients in Pennsylvania; does not pay taxes in Pennsylvania; and is not authorized to do business in Pennsylvania.
>
> 10. I have no personal business interest in Pennsylvania, receive no income from any source in Pennsylvania and to the best of my recollection have never visited Pennsylvania.
> . . . .
>
> 17. I have never met with the Plaintiff in Pennsylvania.
> . . . .
>
> 21. The [contract at issue] does not call for performance or payment in the Commonwealth of Pennsylvania.

(Doc. No. 23-2 at 2-3.) The Motion to Dismiss the Amended Complaint is now ripe for disposition and will be granted.

## III. STANDARD OF REVIEW

"Once a defendant challenges personal jurisdiction [under Federal Rule of Civil Procedure 12(b)(2)], the plaintiff bears the burden of demonstrating facts establishing a basis for

---

which, as noted above, was granted and the Amended Complaint was filed. Although Local Civil Rule 7.1(c) technically permits this Court to treat Defendant's Motion as uncontested, the Court will consider Plaintiff's argument on personal jurisdiction made in the Response in Opposition to the Motion to Set Aside Entry of Default.

the exercise of jurisdiction." Ackourey v. Andre Lani Custom Clothiers, No. 12-1686, 2012 WL 5944677, at *2 (E.D. Pa. Nov. 28, 2012) (citing D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009); O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007)). "When the parties do not conduct jurisdictional discovery and there is no evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction." Id. (citing Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)).

"[I]n reviewing a motion to dismiss [for lack of personal jurisdiction], [a court] must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (internal citations and quotations omitted). However, the "scope of review [is not limited] to the face of the pleadings. Consideration of affidavits submitted by the parties is appropriate and typically necessary." Eubanks v. Filipovich, No. 12-4299, 2012 WL 6731123, at *1 (E.D. Pa. Dec. 27, 2012) (internal citations omitted). To establish personal jurisdiction, "the plaintiff must present competent evidence showing that the defendant has the requisite minimal contacts with the forum to warrant exercise of personal jurisdiction over the defendant." Ackourey, 2012 WL 5944677, at *2 (citations and quotations omitted).

## IV. ANALYSIS

Defendant contends that the Amended Complaint should be dismissed for lack of personal jurisdiction because he is a California resident and business owner with virtually no connection to the state of Pennsylvania. The Court agrees.

"'A federal court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of the [forum] state.'" Wolstenholme v. Bartels, No. 11-3767, 2013 WL 209207, at *3 (3d Cir. Jan. 18, 2013) (quoting Carteret Sav. Bank, FA v.

6

Shushan, 954 F.2d 141, 144-45 (3d Cir. 1992)). The forum state in this case is Pennsylvania. "Pennsylvania's long-arm statute permits courts to exercise jurisdiction over nonresidents 'to the fullest extent allowed under the Constitution of the United States,' and . . . jurisdiction 'may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.'" Id. (quoting 42 Pa. Cons. Stat. § 5322(b)).

"Accordingly, the exercise of personal jurisdiction over a nonresident is limited by the strictures of due process, which 'requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Wolstenholme, 2013 WL 209207, at *3 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

"To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted).

"When a state has general jurisdiction over a party, that party can be haled into court in that state 'regardless of whether the subject matter of the cause of action has any connection to the forum.'" Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998) (citation omitted). "'To obtain general jurisdiction over a corporation in Pennsylvania, the corporation must either: (1) be incorporated in Pennsylvania or licensed as a foreign corporation in the Commonwealth, (2) consent to jurisdiction, or (3) carry on a continuous and systemic part of its general business within the Commonwealth.'" InfoMC, Inc. v. Comprehensive Behavioral

Care, Inc., No. 10-4907, 2012 WL 1114360, at *7 (E.D. Pa. Mar. 30, 2012) (quoting Pac. Emp'rs. Ins. Co. v. AXA Belgium S.A., 785 F. Supp. 2d 457, 465 (E.D. Pa. 2011)).

In this case, Plaintiff is not contending that the Court has general jurisdiction over Defendant, nor would the facts support such jurisdiction. Defendant's principal place of business is in California. The business is not licensed as a foreign corporation in Pennsylvania, nor does it have employees, offices, or any operations whatsoever within the state. It does not carry on any continuous or systematic business in Pennsylvania. The Court is therefore unable to assert general jurisdiction over Defendant.

Plaintiff argues, however, that the Court has specific jurisdiction over Defendant because Defendant has made sufficient contact with the forum state — "by making phone calls and sending emails to Plaintiff in the state of Pennsylvania during the negotiations of the contracts" — to establish specific jurisdiction. (Doc. No. 14-1 at 5.) The Court disagrees.

The Third Circuit has directed a district court to undertake the following three-step analysis in deciding whether specific jurisdiction exists:

> First, we ask whether the defendant's activities were "purposely directed" at the forum. We then consider whether the litigation arises out of or relates to at least one of those activities. Finally, if we answer the first two parts in the affirmative, we consider the "traditional notions of fair play and substantial justice" underscored in International Shoe.

Wolstenholme, 2013 WL 209207, at *3 (internal citations omitted). "[C]ontract negotiations with forum residents can empower a court to exercise personal jurisdiction over persons outside the forum." Grand Entm't Group, Ltd. V. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993). Moreover, "[m]ail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction." Id. (citations omitted). However, merely "contract[ing] with a Pennsylvania corporation is not enough to subject [a

8

defendant] to jurisdiction in this state." Colmen Fin. Servs. v. Charter Equip. Leasing Corp., 708 F. Supp. 664, 667 (E.D. Pa. 1989) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478-79 (1985)). "[A] few email and telephone communications by themselves are generally not enough to establish personal jurisdiction." InfoMC, 2012 WL 1114360, at *8.

For example, in Eubanks, a Pennsylvania plaintiff filed a wrongful termination suit against his former manager who resided in California. 2012 WL 6731123, at *1 n.1. Although the defendant and plaintiff had been employed at the same company, the California defendant had not been to Pennsylvania in thirteen years. Id. at *5. All communications between them were done through email, fax, and telephone calls. Id. at *4-5. The plaintiff argued the Eastern District of Pennsylvania had personal jurisdiction over the California defendant because the emails and telephonic communications were received by him in Pennsylvania. Id. at *4. The plaintiff provided, however, few details of the alleged Pennsylvania contacts. Id. He claimed to have received the communications in Pennsylvania, but could only provide the specifics of one email. Id. Also, "[w]hen [the defendant] had telephonic and electronic communications with [the plaintiff], he had no knowledge where [the plaintiff] was," and thus there was "no indication that [the defendant] knew that [the plaintiff] was in Pennsylvania or purposely directed th[e] email and any phone calls into Pennsylvania." Id. at *4-5. The court therefore dismissed the action for lack of personal jurisdiction. Id. at *5-6; see also Langsam-Borenstein P'ship by Langsam v. NOC Enters., Inc., 137 F.R.D. 217, 220 (E.D. Pa. 1990) (finding "mere allegations that [the defendants] conducted activities in the 'area' surrounding Philadelphia," along with "an unspecified number of telephone calls and fax transmissions" to the forum, were insufficient to show personal jurisdiction over non-Pennsylvania defendants).

Here, Plaintiff's attempt to establish personal jurisdiction is based solely on the following allegation: Defendant made sufficient contact with the forum by contract negotiations that "took place in part via telephone and/or email to Plaintiff at his home located at 2871 Hickory Hill Drive, Worcester, PA 19490." (Doc. No. 21 at 2.) This allegation is not enough to establish personal jurisdiction over Defendant for the following reasons.

First, Defendant's activities were not "purposely directed" at Pennsylvania. Defendant promotes concerts, none of which, on the record before this Court, have been in Pennsylvania or involved Pennsylvania entertainers. Plaintiff and Defendant did not conduct any physical meetings in Pennsylvania, nor did Defendant visit the state. The concerts at issue in this case were performed outside of Pennsylvania by a citizen and resident of Egypt, and did not involve any financial transactions within this state. The only allegation of events taking place in Pennsylvania is that Defendant Karadche negotiated with Plaintiff, acting on behalf of his corporation, Stars On Tour, Inc., via telephone and/or email to Plaintiff's home in Pennsylvania. As noted above, negotiations through email or telephone by themselves are generally not enough to establish personal jurisdiction.

Second, the litigation does not appear to arise out of the alleged phone calls and emails Defendant sent to Plaintiff at his Worcester, Pennsylvania home. In the Amended Complaint, Plaintiff claims that Defendant somehow interfered with his relationship with the Egyptian entertainer. He does not present any information, though, about the alleged interference, such as when, how, or where it took place. More importantly, there are no details on how the interference relates, if at all, to the negotiations done over the telephone or by email. Like the plaintiffs in Eubanks and Langsam-Borenstein, Plaintiff simply alleges, without providing specifics, that the phone calls and email exchanges were aimed at Pennsylvania. He does not

allege how many exchanges took place, the dates of the calls or emails, or the substance of the communications. All that can be gleaned from the Amended Complaint is that Defendant apparently negotiated with a principal of a Pennsylvania corporation. No allegation in the Amended Complaint ties the cause of action to this activity.

Finally, under these circumstances, requiring a California resident and business owner to defend in a Pennsylvania court allegations that he interfered with non-Pennsylvania based concerts would offend "traditional notions of fair play and substantial justice." The contacts with Pennsylvania, as alleged in the Amended Complaint, are just too minimal to support personal jurisdiction over Defendant Karadche. Accordingly, Plaintiff has not made out a prima facie case for the Court to find it has personal jurisdiction over Defendant.[4]

---

[4] On August 3, 2012, as mentioned above, the Court held a hearing to address both the entry of default and personal jurisdiction issues raised by Defendant Karadche. In discussing the personal jurisdiction issue, the Court and counsel for the Plaintiff had the following exchange:

> Court: [T]he defendant asserts the issue that there's no jurisdiction —
>
> Plaintiff: Um-hum.
>
> Court: — over the defendants; they're both California corporations. The[re] is some concession that there's no general jurisdiction over them, but in your response, you're raising the issue of specific jurisdiction that they made calls and sent mail into Pennsylvania, and they targeted Pennsylvania as a place to do business which may confer jurisdiction over a defendant. I think there should be some more clarification of that in the complaint. It may well be after the complaint is filed and an answer is filed that I may allow some jurisdictional discovery . . . . [b]ut I can't make that judgment at this time.
>
> Plaintiff: Um-hum.

(Mot. Set Aside Def. Hr'g Tr. 7:17-8:8, Aug. 3, 2012.) On September 19, 2012, as directed by the Court, Plaintiff filed the Amended Complaint, which, despite the jurisdictional concerns explicitly raised by both Defendant and the Court, only contains the one sentence allegation discussed above. Furthermore, after Defendant filed the instant Motion to Dismiss for lack of

V.     CONCLUSION

Based on the foregoing reasons, the Court will grant Defendant's Motion to Dismiss the Amended Complaint for lack of personal jurisdiction.  An appropriate Order follows.

---

personal jurisdiction, Plaintiff failed to take the opportunity to respond to the Motion.  Thus, on the record before this Court, there is no basis to order jurisdictional discovery.  Moreover, to allow further amendment of the Complaint in an attempt to cure the jurisdictional defect would appear to be futile.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).